U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 1 2 2013
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MOSTAFA ARAM AZADPOUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-490-A |
| | § | |
| CITY OF EULESS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The above-captioned action was initiated by the filing by
plaintiff, Mostafa Aram Azadpour, on June 17, 2013, of his
complaint naming as defendants: City of Euless
(incorp.municipality in Tx.); Mary Lib Saleh (Cty. Mayor); Tim
Stinneford (Cty. Consl. Plc. 1); Leon Hogg (Cty. Consl. Plc. 2);
Linda Martin (Cty. Consl. Plc. 3); Linda Eilenfeldt (Cty. Consl.
Plc. 4); Glenn Porterfield (Cty. Consl. Plc. 5); Perry Bynum
(Cty. Consl. Plc. 6);  Gary McKamie (City Manager); Michael Brown
(Cty. Police Chief); Doe-Municipal-Jail-Manager (Manager/Super
for Muni. Jail); Doe_Jail_In-Take_Female (Female jail-in-take
person on duty); Doe_Jail_In-Take_Male (Male jail-in-take person
on duty); Paul F. Wieneskie (Former Assoc./Asst.City Atty.);
Teresa Alexander (Muni. Ct. Manager/Super.); Emily Murphy (Muni.
Ct. Clerk); Shesheko Washington (Muni. Ct. Clerk); Claudia
Quintero (Muni. Ct. Clerk); Pamela Joy Byers (E.P.D. Ofcr.);

Donald Lee Scott (E.P.D. Ofcr.); Lacy Britten (Muni. Ct. Judge);

Doe_Affiant_No._1 (affiant who sworn cmplnt. No. 1);

Doe_Affiant_No._2 (affiant who sworn cmplnt. No. 2); Joe Shannon,

Jr. (Tar. Co. Dist. Atty.); and Does (1)-(50).

The following motions to dismiss have been filed:

First Motion:  A motion to dismiss for failure to state
a claim upon which relief can be granted was filed July 15,
2013, by defendants City of Euless, Mary Lib Saleh, and Gary
McKamie on July 15, 2013;

Second Motion:  A motion to dismiss for failure to
state a claim upon which relief can be granted was filed
July 17, 2013, by defendants Tim Stinneford, Leon Hogg,
Linda Martin, Linda Eilenfeldt, Glenn Porterfield, Perry
Bynum, Michael Brown, Paul F. Wieneskie, Teresa Alexander,
Emily Murphy, Shesheko Washington, Claudia Quintero, Pamela
Joy Byers, Donald Lee Scott, and Lacy Britten, which was
supplemented by a first supplemental motion filed August 8,
2013, that added a ground for dismissal as to City pursuant
to section 101.106 of the Texas Civil Practice and Remedies
Code; and

Third Motion:  A motion to dismiss was filed August 1,
2013, by defendant Joe Shannon, Jr., alleging lack of
subject matter jurisdiction as to him, lack of sufficiency

2

of service of process as to him, and failure to state a
claim against him upon which relief could be granted.

A ground of the first motion and second motion is that all
claims asserted by plaintiff against the movants in those motions
should be dismissed because plaintiff's complaint shows that all
his claims are barred by the applicable limitations period.
Other grounds for dismissal are urged in each of the three
motions; and, the court's tentative conclusion is that each
ground of dismissal has merit.  However, the court has concluded
that all of plaintiff's claims against all defendants are barred
by limitations, with the consequence that the court is not
devoting further attention to the other grounds of the motions.
Inasmuch as plaintiff has had an opportunity to respond, and has
responded, to the grounds of the motions that plaintiff's claims
are barred by limitations, the court is <u>sua</u> <u>sponte</u> dismissing all
claims asserted by plaintiff against all defendants on that
ground.  Such a dismissal without further notice is fair under
the circumstances.[1]  <u>See</u> <u>Lozano v. Ocwen Fed. Bank, FSB</u>, 489 F.3d
636, 642-43 (5th Cir. 2007).

---

[1]Plaintiff directed his attention to the limitations issue in the allegations of his complaint.  He has
recognized that he has a limitations problem, and he has had a fair opportunity to respond to the
limitations grounds by his response to the first and second motions.  Therefore, further notice to plaintiff
of a <u>sua</u> <u>sponte</u> dismissal of certain of his claims as being barred by limitations is not necessary in this
instance.

Plaintiff complains in his complaint of conduct that occurred in 2007, 2008, and 2009. The conduct of which he complains apparently led to a criminal trial on June 14, 2011, which, plaintiff says, caused him to become aware of the impropriety of certain of the 2007-2009 conduct of which he complains. On the issue of whether he is barred by limitations, plaintiff alleged in his complaint as follows:

> 30. To the extend [sic] that any factual allegation is on-or-about events which took place prior to "February" "11," "2009;" Plaintiff is stating such for providing a context and background; however, considers them time-barred and seeks no relief upon such events.

> 31. Plaintiff alleges that events which gave rise to the instant Complaint stem from events which took place in-and-around the building for the Euless Municipal Court of Record which such alleged wrongs of Defendant(s) and Does(s) came to their conclusion in "June" "14," "2011."

> 32. Plaintiff seeks two days of equitable tolling for "June" "15," "2013" was a Saturday and "June" "16," "2013" was a Sunday; during both days the filing clerk's office was closed to all members of the general public, including the instant Plaintiff.

Compl. at 11, ¶¶ 30-32.

The only allegations of plaintiff as to anything that happened after 2009 were in paragraph 46 of the complaint, as follows:

> 46. . . . . Testimonies of Defendants at trial of charges in Tar. Co. Ct. No. 8 on "June" "14," "2011" (for Case Nos. 1148393 & 1210111) made it clear to me that there was a conspiracy among certain Defendants to

destroy favorable evidence & to wrongfully procure
charge of hindering governmental proceeding by
disorderly conduct, treating me differently than other
patron of the court-clerk at the same time I was in-
line to reach the court-clerk, that I was arrested for
a public profanity, however, I was charged with
hindering governmental proceedings by disorderly
conduct, criminal trespass, and resist arrest;
whereas, neither the charge of public profanity nor the
charge of hindering governmental proceeding by
disorderly conduct ever was filed in any court-of-
competent. Also, during the same trial, I learned that
certain charges were procured against me as a
retaliation for having, previously, filed a civil right
suit against Defendant-City and certain other
Defendants. I, further learned during the same trial,
that the State did not show criminal trespass by
entrance being forbidden to me; whereas,
Doe_affiant_no._1 & Doe_affiant_no._2 had filed sworn
complaint against me that I had committed criminal
trespass by entering a certain property when entrance
had been forbidden to me; hence, subjecting me to
malicious prosecution without probable cause nor was it
shown by competent testimony/evidence that I had
committed such a crime by such a method. I further
learned that it is the policy of custom of the Euless
Police Department and the City of Euless not to follow
the Cod [sic] of Criminal Procedure in so far as it
commands how to process a person subjected to
warrantless arrest. I was subjected to arbitrary and
excessive bail. I was arrested without probable cause.
I learned that the Tar. Co. DA's Ofc. files complaints
without the affiant having "any" first hand knowledge
or even having interviewed any arresting officer or any
accused or reviewed any recording of such an arrest or
obtained record of appearance before a judge/magistrate
when one is subjected to a warrantless arrest.

Id. at 18-19, ¶ 46.

Plaintiff is correct in the assumption he made in his

complaint that he would need days of equitable tolling in order

to avoid a limitations bar even if the court were to assume that his causes of action did not accrue until June 14, 2011.

The limitations bar applicable to all of plaintiff's claims other than his malicious prosecution claim is two years.  The state law causes of action other than malicious prosecution are controlled directly by the Texas two-year statute of limitations, section 16.003 of the Texas Civil Practice and Remedies Code. The limitations period for the claims brought by plaintiff for alleged deprivations of federal constitutional rights are determined by the same Texas statute of limitations.  See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005). Plaintiff's malicious prosecution claim is subject to the one-year bar provided by section 16.002(a) of the Texas Civil Practice and Remedies Code.  To construe a Texas statute, the court looks to how Texas's highest court would resolve the issue. Id.  The Fifth Circuit has concluded that "the Texas Supreme Court would hold that section 16.003 requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action."  Id. at 893.  "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Id.  (internal quotation marks omitted).

6

Under Texas law, "[a] cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." Johnson & Higgins of Tex. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998). Stating it another way, the Texas Supreme Court has explained that, as a rule, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996). "[L]imitations begin[s] to run when the fact of injury is known, not when the alleged wrongdoers are identified." Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 344 n.3 (Tex. 1992) (citation & internal quotation marks omitted).

Thus, as plaintiff seems to recognize, whatever claims he might have for events that occurred in the years 2007, 2008, and 2009 are barred by limitations. The only issues that remain for resolution are whether plaintiff has alleged facts that would state a cause of action that arose on June 14, 2011, and, if he did, whether that cause of action would be barred by limitations.

The court does not read plaintiff's complaint as stating any facts that would constitute the elements of any cause of action against any defendant based on anything that occurred on June 14, 2011. He says that he learned certain things on that date, but

7

he does not allege that any actionable conduct was engaged in by any defendant on June 14, 2011.  Furthermore, if the court were to assume, for the sake of discussion, that plaintiff had alleged that actionable conduct on the part of a defendant occurred on June 14, 2011, his cause of action as to that conduct accrued on that date, which means that in order to avoid a limitations bar as to that conduct, he was required to file suit complaining of that conduct on or before June 14, 2013.  Price, 431 F.3d at 893.

Plaintiff's plea in paragraph 32 of his complaint that there are "two days of equitable tolling" is not accompanied by any allegations of fact that would support any theory of tolling. Consequently, the last day of the limitations period was on a Friday, June 14, 2013.  As a result, the court does not need to devote attention to the argument made by plaintiff in the document he filed July 22, 2013, titled "Opposition to Unserved Defendants' First Rule 12(b)(6) Motion to Dismiss" that the last day of the limitations period was Saturday, June 15, 2013, thus causing the limitations period to continue to run until the following Monday.  And, as noted above, the Fifth Circuit held in Price that a claim must be brought no later than the same calendar day two years after the accrual of the cause of action in order to avoid the limitations bar of section 16.003 of the Texas Civil Practice and Remedies Code.

8

As indicated earlier in this memorandum opinion and order, the court is persuaded by the other grounds asserted in the motions to dismiss, but does not consider that there is a need to discuss those other grounds considering the certainty that all of plaintiff's claims are barred by limitations.

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff be, and are hereby, dismissed with prejudice.

SIGNED September 12, 2013.

_____
JOHN McBRYDE
United States District Judge